BERGER, Judge.
On December 11, 2015, Tracey Matthew Narron ("Defendant") was convicted of possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. Defendant appeals, arguing that the trial court committed plain error by admitting into evidence twenty-three photographs of firearms and ammunition that were irrelevant and unfairly prejudicial. We disagree.
Factual and Procedural Background
On May 16, 2014, deputies from the Johnston County Sheriff's Department executed a search warrant for Defendant and his residence. As a result of this search, Detective Jay Creech ("Detective Creech") seized a clear plastic bag containing methamphetamine from Defendant's back pocket. Deputies also recovered a partially burned marijuana cigarette; marijuana seeds; a Zippo lighter containing two clear, plastic bags of marijuana; a metal grinder containing marijuana residue; a glass smoking device; and rolling papers from a barn located on Defendant's property. The barn also contained a locked gun safe that held multiple firearms and ammunition, two surveillance monitors depicting a live feed of the driveway and the back of the residence, and a .22-caliber rifle that was positioned next to the surveillance monitors. Inside Defendant's master bedroom, the officers discovered two more rifles in a carrying case; a working digital scale, which had a white powdery substance on it and was found in a safe that also contained Defendant's social security card and car title; and "numerous burnt marijuana roaches" inside a nightstand drawer along with suspected marijuana located in a clear, plastic bag labeled, "Kush." All of this evidence was seized and photographed, including Defendant's firearms and ammunition.
On July 21, 2014, Defendant was indicted for possession of methamphetamine, possession of marijuana up to one-half ounce, possession of drug paraphernalia, and maintaining a dwelling to keep controlled substances. Although a superseding indictment was returned on April 6, 2015 that also charged Defendant with trafficking opiates by possession, the State voluntarily dismissed this charge prior to trial.
Prior to trial, the trial court heard and denied a motion in limine filed by Defendant, in which he moved to prohibit the State from introducing evidence related to his seized firearms and ammunition pursuant to Rules 401, 402, and 403 of the North Carolina Rules of Evidence. At trial, however, Defendant did not object to the State's admission of twenty-three photographs of Defendant's firearms and ammunition. After the State had presented its evidence, the trial court dismissed the charge of maintaining a dwelling to keep controlled substances.
On December 10, 2015, Defendant was convicted of possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. Defendant received a split sentence, which included a sixty-day jail term and thirty-six months of probation. After he had been sentenced, Defendant gave oral notice of appeal, and stated that he would proceed pro se until he could retain appellate counsel. However, on December 17, 2015, Defendant's trial counsel filed a written notice of appeal on Defendant's behalf, which asserted that Defendant was indigent and requested appellate counsel be appointed for Defendant. Because Defendant did not timely perfect his appeal, the State moved to dismiss Defendant's appeal on March 6, 2017. On April 3, 2017, the trial court amended Defendant's appellate entries and appointed the Office of the Appellate Defender to represent Defendant. The State subsequently withdrew its motion to dismiss.
By and through his appointed appellate counsel, Defendant filed a petition for writ of certiorari with this Court pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure. As Defendant's failure to take timely action to perfect his appeal was of no fault of his own, we grant Defendant's petition for writ of certiorari in our discretion.
On appeal, Defendant admits that he did not object to the State's admission of twenty-three photographs of Defendant's firearm and ammunition collection at trial. Defendant now argues admission of these photographs was plain error. We disagree.
Analysis
Rule 10 of the North Carolina Rules of Appellate Procedure states that
[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.
N.C.R. App. P. 10(a)(1). "A motion in limine is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial." State v. Conaway , 339 N.C. 487, 521, 453 S.E.2d 824, 845 (1995).
In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.
N.C.R. App. P. 10(a)(4).
The plain error rule is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where the error is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the [error] had a probable impact on the jury's finding that the defendant was guilty.
State v. Odom , 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (purgandum[1] ).
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (purgandum ). Accordingly, "[u]nder the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Jordan , 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993) (citation omitted).
Here, Defendant argues that the trial court plainly erred by admitting twenty-three photographs of Defendant's firearms and ammunition that were purportedly irrelevant to prove the crimes charged and unfairly prejudicial per Rules 401, 402, and 403 of the North Carolina Rules of Evidence. However, assuming-without deciding-that the trial court erroneously admitted the photographs, Defendant has failed to demonstrate that this is "the exceptional case" in which "the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." Odom , 307 N.C. at 660, 300 S.E.2d at 378 (purgandum ). Even if the challenged photographs had been excluded, the record still reflects overwhelming evidence against Defendant.
At trial, Detective Creech testified that he had seized a clear plastic bag containing a white powdery substance from Defendant's back pocket. A chemical analyst from the North Carolina State Bureau of Investigation later identified the white powdery substance to be 0.54 grams of methamphetamine, and a copy of her laboratory report was also admitted into evidence. Detective Creech further testified that he had recovered a digital scale from a safe located in Defendant's master bedroom that also contained Defendant's social security card and vehicle title. Detective Creech explained that the digital scale was in working condition and he had observed a white powdery substance on it.
Detective Creech further testified that he had witnessed deputies recover several other drug-related items from a barn located on Defendant's property, including a partially burned marijuana cigarette; marijuana seeds; a Zippo lighter containing two clear, plastic bags of marijuana; a metal grinder containing marijuana residue; a glass smoking device; and rolling papers. Inside a nightstand drawer in Defendant's master bedroom, Detective Creech had recovered "numerous burnt marijuana roaches" and suspected marijuana located in a clear, plastic bag labeled, "Kush." Based on his knowledge and experience as a narcotics detective, Detective Creech explained that Kush is "another name for a type of marijuana that's grown and imported and sold" and a grinder is "similar to a coffee grinder" but is commonly "used to grind up marijuana from a bud, to smoke or ingest from a pipe or rolling papers."
Detective Creech also observed two surveillance cameras attached to the barn's exterior wall, which he stated were hardwired to two surveillance monitors located inside the barn that depicted a live feed of the driveway and the back of the residence. Throughout Detective Creech's testimony, the State introduced fifty-four photographs depicting the above-mentioned evidence for illustrative purposes.
Additionally, substantial physical evidence was also admitted at trial, including the plastic bag of methamphetamine that was seized from Defendant's wallet, and the marijuana, marijuana seeds, metal grinder, glass smoking pipe, rolling papers, and surveillance equipment that were seized from Defendant's barn and residence.
In light of this overwhelming evidence, Defendant cannot show that, absent the admission of the twenty-three photographs of Defendant's gun and ammunition collection, the jury probably would have returned a different verdict, and thus, "cannot show the prejudicial effect necessary to establish that the error was a fundamental error." Lawrence , 365 N.C. at 519, 723 S.E.2d at 335.
Conclusion
As Defendant has failed to meet his burden of demonstrating plain error, we affirm.
NO ERROR.
Report per Rule 30(e).
Judges STROUD and DILLON concur.

Our shortening of the Latin phrase "Lex purgandum est. " This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use purgandum to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.